**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| SUZETTE RICHARDS,<br>　　　　　Plaintiff,<br>　v.<br><br>DUKE UNIVERSITY, DUKE UNIVERSITY SCHOOL OF LAW, DUKE UNIVERSITY BOARD OF TRUSTEES, NANNERL KEOHANE, in her personal and official Capacity as President of Duke University, GEORGETOWN UNIVERSITY, GEORGETOWN UNIVERSITY LAW CENTER, ALBERTO GONZALES in his official Capacity as Attorney General of the United States, FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, JOHN AND JANE DOES 1-10, WILLIAM H. GATES III. in his Personal and Official Capacity as Chairman of Microsoft Corporation, STEVE BALLMER in his Personal and Official Capacity as Chief Executive Officer of Microsoft Corporation, MICROSOFT CORPORATION, MICROSOFT EMPLOYEES A-J, MELINDA GATES,<br>　　　　　Defendants. | 2003-CV-0079 |

**TO:**　See attached distribution list.

*Richards v. Duke University*
2003-CV-0079
Order Regarding Motion For Payment of Guardian Ad Litem Fees
Page 2

## ORDER GRANTING IN PART AND DENYING IN PART *GUARDIAN AD LITEM*'S MOTION FOR ORDER REGARDING PAYMENT OF *GAL* FEES

THIS MATTER came before the Court for consideration upon court-appointed *Guardian Ad Litem* (hereafter *GAL*), Chetema Lucas-Francis, Esq.'s, Motion for Order Regarding Payment of *GAL* Fees (Docket No. 143). Defendants Duke, Georgetown Defendants, Federal Defendants, and Microsoft Defendants filed Oppositions thereto. Court-appointed *GAL* filed no Reply.

*GAL* seeks an Order from the undersigned establishing the "fee schedule and parties responsible for payment of services rendered in her capacity as [*GAL*]." Motion at 1. *GAL* further requests that her fee for services rendered be set at "$250.00 per hour." *Id.* at 2. *GAL* puts forth Fed. R. Civ. P. 17(c) and V.I.Code Ann. tit. 5 § 73 (1997) in support. They read respectively, and in part, as follows:

> An . . . incompetent person who does not have a duly appointed representative may sue by . . . a guardian ad litem. The court shall appoint a guardian ad litem for an . . . incompetent person not otherwise represented in an action . . . .

And,
> A guardian ad litem appointed for an infant or incompetent person under Rule 17(c) of the Federal Rules of Civil Procedure shall not be liable to pay costs of action; and [s]he shall be allowed a reasonable sum for h[er] charges as such guardian, to be fixed by the court, and taxed in the bill of costs.

*Richards v. Duke University*
2003-CV-0079
Order Regarding Motion For Payment of Guardian Ad Litem Fees
Page 3

     *GAL* further states that said relief should not be "born [sic] by the prevailing party." Motion at 1. Furthermore, "certain of Plaintiff's stated causes of action will be successful." *Id*. *GAL* argues that Defendants will ultimately "bear the costs and fees associated with this action." *Id*. *GAL* further requests that Defendants pay the *GAL* fees because Plaintiff's income is modest and she will not be able to meet her financial burdens associated with paying said *GAL* fees. *Id*. Accordingly, Plaintiff requests that Defendants pay said fees.

     Defendants filed separate briefs in opposition. Georgetown Defendants stated that *GAL* is "unquestionably" entitled to reasonable compensation, however, *GAL* incorrectly presupposes that Plaintiff will prevail in her claims. *See* Opposition at 1-2. Additionally, "[*GAL*'s] request for a fee of $250.00 per hour," an amount exceeding her normal rate of pay, "is not reasonable." *Id.* at 6. Federal Defendants' Opposition puts forth similar arguments. Federal Defendants argue "(1) that at best the fees may be awarded as costs against the non prevailing party or taxed against the recovery and (2) that, without more, $250.00 per hour does not appear reasonable." Opposition at 1-2. Microsoft Defendants "oppose the motion as there is no authority under federal or Virgin Islands law for compelling defendants to pay . . . plaintiff's legal expenses as this litigation goes forward." Response at 2. Finally, Duke submits that "it would be premature to allocate responsibility for this compensation at this stage of the litigation. . . . [However,] the Court can and

*Richards v. Duke University*
2003-CV-0079
Order Regarding Motion For Payment of Guardian Ad Litem Fees
Page 4

should set reasonable rates of pay for the *GAL* at the outset of the litigation . . . ." Response at 2.

While *GAL*'s Motion was pending before this Court, Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit to stay the District Court's order appointing a *GAL*. The Court of Appeals subsequently granted Plaintiff's appeal and vacated the District Court's order.

*GAL*'s motion now is effectively for services rendered from the date of appointment to the position of *GAL*, December 30, 2004, until January 23, 2006, the date the District Court's order of appointment was vacated.

## DISCUSSION

As previously mentioned, *GAL* requests that the undersigned designate the responsible party for payment of services rendered. This Court agrees that *GAL* is entitled to reasonable compensation. However, given that the Court of Appeals vacated the District Court's December 30, 2004, order appointing a guardian ad litem, because Plaintiff "is competent to proceed pro se," Court of Appeals Order at 7, this Court can not, in equity and good conscience, require Plaintiff to pay *GAL*'s fees. Nor may this Court impose said financial burden upon Defendants at this juncture. Accordingly, the undersigned orders payment to *GAL* to be issued from court funds.

*Richards v. Duke University*
2003-CV-0079
Order Regarding Motion For Payment of Guardian Ad Litem Fees
Page 5

Having established that the court will issue payment, what constitutes reasonable attorney's fees must be determined. The applicant requesting a fee has the burden of showing that said fee is reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). To do so, said applicant must demonstrate that her claimed rate and number of hours are reasonable. *See Pennsylvania*, 478 U.S. at 564 (citing *Blum*, 465 U.S. at 897). Additionally, "[a] reasonable attorney's fee is one that compensates a lawyer for the fair market value of [her] time, experience, and effort. 'Such a determination can never be reduced to a neat mathematical formula; it involves important matters of judgment.'" *Hall v. Roselle*, 747 F.2d 838, 841 (3d Cir. 1984) (citing Samuel R. Berger, *Court Awarded Attorneys' Fees: What is "Reasonable"?*, 126 U. Pa. L. Rev. 281, 316 (1977)). In the instant case, *GAL* has failed to submit any supporting documentation that would indicate her requested rate of pay of $250 per hour is reasonable. Additionally, *GAL* has submitted no time sheets or records to facilitate the undersigned's determination as to what constitutes an award of reasonable attorney's fees. Accordingly, *GAL*'s request that her fee of $250 per hour for services rendered as Plaintiff's guardian ad litem is denied. *GAL* should resubmit her motion for payment of *GAL* fees with the appropriate documentation that will facilitate the undersigned's decision as previously mentioned. Said documentation must justify her

*Richards v. Duke University*
2003-CV-0079
Order Regarding Motion For Payment of Guardian Ad Litem Fees
Page 6

requested rate in lieu of the fee paid court appointed attorneys who represent indigent defendants in criminal cases.

It is now hereby **ORDERED**:

1. *Guardian ad Litem*'s Motion for Order Regarding Payment of *GAL* Fees (Docket No. 143) is **GRANTED IN PART** and **DENIED IN PART**.

2. *Guardian ad Litem* Chetema Lucas-Francis, Esq., shall file with the Court, within ten (10) days from the date of entry of this order, certification or other verification detailing the hours and nature of work for which she seeks compensation and any support for payment at a rate greater than that paid to attorneys appointed by the court to represent indigent defendants in criminal cases.

ENTER:

Dated: July 17, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

cc: **Suzette Richards, Esq.**
**Chetema Lucas, Esq.**
**Simone D. Francis, Esq.**
**Richard H. Hunter, Esq.**
**Angela Tyson Floyd, Esq.**
**Henry L. Feuerzeig, Esq.**